**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **UNITED STATES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:18-cr-0043** |
| | ) | |
| **SHAHIME T. LUDVIG, Jr.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

**BEFORE THE COURT** is the motion of Shahim T. Ludvig, Jr., ("Ludvig") to hold his sentencing hearing by video teleconference. (ECF No. 59.) For the reasons outlined below, the Court will grant Ludvig's motion.

On October 23, 2018, the United States filed a two-count Information against Ludvig. Count One charges Ludvig with conspiracy to possesses with intent to distribute 5 or more kilograms of cocaine. Count Two charges Ludvig with possession with intent to distribute 5 or more kilograms of cocaine. On November 13, 2018, Ludvig pled guilty to Count Two of the Information pursuant to a plea agreement. Following his change of plea hearing, Ludvig was remanded to the custody of the United States Marshal Service pending sentencing. Ludvig's sentencing hearing was originally scheduled for March 14, 2019, but it has been rescheduled several times and is currently scheduled for August 20, 2020.

On August 7, 2020, Ludvig moved to hold his sentencing hearing via video teleconference. Ludvig asserts that, after consulting with his attorney, he consents to conducting his sentencing through video teleconference. Ludvig further asserts that while awaiting sentencing he has been confined in a local prison facility whose conditions "are far inferior" to federal prisons and where Ludvig "has been deprived of the programs offered at regular long-term federal facilities." *See* ECF No. 59 at 3. Ludvig argues that his sentencing cannot be further delayed without serious harm to the interests of justice because, having pled guilty nearly two years ago, further delay would be damaging to his due process rights and his Sixth Amendment right to a speedy sentencing.

As a general rule, a "defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). Nonetheless, Congress recently provided that under certain circumstances a sentencing may be conducted by video teleconference. On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use video teleconferencing to hold felony sentencings under appropriate circumstances and with the consent of the defendant after consultation with counsel. *See* CARES Act, § 15002(b)(2), H.R. 748, 248-49; *id.* § 15002 (b)(4) ("Video teleconferencing . . . authorized under paragraph . . . (2) may only take place with the consent of the defendant . . . after consultation with counsel."). Specifically, the following three conditions must be met: (1) the Judicial Conference of the United States must "find[] that emergency conditions due to the national emergency declared by the President . . . with respect to the [COVID-19] will materially affect the functioning of [] the Federal courts generally"; (2) the chief judge of a district court covered by that finding must "specifically find[] . . . that . . . felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety"; and (3) the district judge in a particular case must "find[] for specific reasons that the . . . sentencing in that case cannot be further delayed without serious harm to the interests of justice." *See id.* § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States found, pursuant to the CARES Act, that emergency conditions due to the national emergency declared by the President with respect to COVID-19 have materially affected and will materially affect the function of the federal courts generally. On April 9, 2020, the Chief Judge of the District Court of the Virgin Islands entered a general order responding to the COVID-19 pandemic. In that order, the Chief Judge found that felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person in this judicial district without seriously jeopardizing public health and safety. The Chief Judge authorized the use of videoconferencing to conduct felony sentencing for a period of 90 days. On July 8, 2020, the

Chief Judge of the District Court of the Virgin Islands entered an order extending the April 9, 2020 Order for another 90-day period.

As this Court has recently explained in *United States v. Tapia*:

> The "court must impose sentence without unnecessary delay." Fed. R. Crim. P. 32(b)(1). Without an end, or even an abatement, in sight to the ongoing COVID-19 pandemic, the indefinite delay of these sentencing hearings "would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume." *E.g., United States v. Hernandez*, 2020 WL 2850222, at *3 (C.D. Cal. June 1, 2020); *United States v. Soe*, 2020 WL 3483588, at *3 (C.D. Cal. June 25, 2020). . . .
>
> The continued delays to in-person proceedings, and their resultant backlog of cases, undermine the Court's ability to efficiently manage its docket. This inefficiency consequently weighs heavily against the public's interest in judicial economy. *See In re Modafinil Antitrust Litigation*, 837 F.3d 238, 268 (3d Cir. 2016) ("'Judicial economy' means '[e]fficiency in the operation of the courts and the judicial system . . . .") (Rendell, J., concurring in part). Thus, Rule 32(b)(1)'s requirement that a sentence be imposed without unnecessary delay intertwines considerations of judicial economy with the interest of justice, particularly in the abnormal context of the COVID-19 pandemic. *Cf. In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017) ("public interests... derive from 'the interest of justice.'... We regard these public interests to include judicial economy considerations.") (internal citations omitted).
>
> . . . [T]he interests of justice necessarily cannot be served by unduly delaying a defendant's sentencing once a guilty plea has been entered. *Cf. Pennsylvania v. Ritchie*, 480 U.S. 39, 50 n. 8 (1987) ("The interests of judicial economy and the avoidance of delay, rather than being hindered, would be best served by resolving the issue."). Where a defendant has . . . consented to sentencing by video teleconferencing through his counsel . . . , such an indefinite delay causes continued serious harm to the public's interest in judicial economy, and by extension, the interests of justice. *Cf. Howmedica*, 867 F.3d at 402.

*United States v. Tapia*, No. 3:19-cr-0057, 2020 WL 4572334, at *2–3 (D.V.I. Aug. 7, 2020).

Here, Ludvig's sentencing has been awaiting sentencing for nearly two years. Given the length of this delay, the Court finds the considerations discussed in *Tapia* especially compelling. Moreover, the interests of justice would also be furthered by sentencing Ludvig to a term of imprisonment in a federal prison facility with improved conditions of confinement and programs. *Cf. United States v. Almeida*, No. 2:11-CR-127-DBH-01, 2020 WL 4227391, at *2 (D. Me. July 23, 2020) (granting motion to sentence by video teleconference,

in part, because of defendant's "very long time in presentence custody [in local jail] without the benefit of BOP programs and medical care").

The premises considered, it is hereby

**ORDERED** that Ludvig's motion to hold his sentencing hearing by video teleconference (ECF No. 59) is **GRANTED**; it is further

**ORDERED** that Ludvig shall be permitted to attend his August 20, 2020, sentencing by video teleconferencing; and it is further

**ORDERED** that the public may access the audio of the video conference proceedings in this matter by calling 1-888-251-2909 and entering access code 5157509#.

**Dated:** August 11, 2020

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**District Court Judge**